IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NISKANEN CENTER                )
820 First Street, NE           )
Suite 675                      )
Washington, DC 20002,          )
                               )   Case: 1:19−cv−00125
          Plaintiff,           )   Assigned To : Boasberg, James E.
                               )   Assign. Date : 1/18/2019
v.                             )   Description: FOIA/Privacy Act (I−DECK)
                               )
FEDERAL ENERGY                 )
REGULATORY COMMISSION          )
888 First Street, NE           )
Washington, DC 20426           )
                               )
          Defendant.           )
                               )
_____)

## COMPLAINT

This is an action to compel the Federal Energy Regulatory Commission to respond to a request under the Freedom of Information Act.

### PARTIES

1.   Plaintiff Niskanen Center, Inc. ("Niskanen") is a 501(c)(3) think tank and advocacy organization with a strong interest in securing Americans' rights to their property, and has its principal office at 820 First Street, NE, Washington, DC.

2.   Defendant Federal Energy Regulatory Commission ("FERC") is an agency of the federal government, and has its headquarters at 888 First Street, NE, Washington, DC.

### JURISDICTION AND VENUE

3.   This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B).

4.   Venue is proper in this District Court pursuant to 5 U.S.C. § 552(a)(4)(B) and

**RECEIVED**

**JAN 1 8 2019**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

28 U.S.C. § 1331.

## FACTS

### Landowner Lists Submitted to FERC used for Due Process Notice by Private Companies

5.  The Natural Gas Act ("NGA") grants FERC the authority to regulate the interstate transportation of natural gas. 15 U.S.C. §§ 717 et seq.

6.  The NGA authorizes FERC to review and decide natural gas pipeline companies' applications to take landowners' private property in order to build proposed pipelines. FERC issues certificates to applicants to take property "with such reasonable terms and conditions as the public convenience and necessity may require." 15 U.S.C. § 717f(e).

7.  When an applicant requests authority to take property for a proposed project, FERC delegates its constitutionally-mandated duty of providing potentially affected landowners with notice of their due process rights to the applicant.

8.  The applicant submits a 'landowner list' to FERC of all potentially affected landowners to be given notice of their rights, which contains basic contact information for each landowner including their name and address.

9.  FERC's regulations require that the notice to each affected landowner must include: the docket number of the filing; an explanation of FERC's certificate process, including a section addressing basic landowner concerns; a description of the applicant and proposed project; specific instructions on how the landowners may contact the applicant; description of landowner rights in FERC proceedings; description of landowner rights in eminent domain proceedings of the relevant state; information on how landowners can obtain a copy of the application to FERC; and a copy of FERC's Notice of Application, specifically stating how and when a landowner should intervene in FERC proceedings. *See* 18

C.F.R. 157.6(d)(3).

10. In FERC Docket No. CP15-554, FERC delegated the duty of giving landowners constitutionally adequate notice to the applicant, the Atlantic Coast Pipeline ("ACP").

11. ACP periodically submitted landowner lists in FERC Docket No. CP15-554 in order to obtain authorization to use eminent domain to take portions of the listed persons' lands.

12. ACP filed the landowner lists with FERC as 'privileged,' and the information is not currently publicly available.

13. Prior to 2009, some landowner lists were publicly available in FERC's dockets.

14. FERC's oversight of applicants' efforts to provide notice to landowners, including the accuracy of landowner lists, remains unknown.

15. Niskanen represents landowners who received constitutionally inadequate notice of ACP's intent or plan to take their land.

16. Upon information and belief, there are landowners who received absolutely no notice of ACP's intent or plan to take their land, as evidenced by the fact that landowners were listed as 'unavailable' on ACP's application to FERC.

### The Request Submitted

17. On October 29, 2018, the Niskanen Center submitted a FOIA request ("the Request") to FERC seeking "*any and all* records and information in FERC's possession or control in relation to private landowners identified by the Atlantic Coast Pipeline ("ACP") in No. CP15-554," and requested specific landowner lists by submission number.

18. Timely disclosure of these lists is critically important to the public and will

3

shed light on FERC's performance of its duties and on whether constitutionally-required notice has been provided to affected landowners.

19. The Request included a fee waiver request because the Niskanen Center is a 501c(3) nonprofit think tank that operates it the public interest.

20. The Request was submitted via e-mail to FERC's FOIA Public Liaison at the Office of External Affairs, Toyia Johnson ("Ms. Johnson"), per the instructions on FERC's website.[1]

### Agency Responses and Administrative Appeal

21. On November 14, 2018, Ms. Johnson sent 2 e-mails to Niskanen's counsel ("the Response"). In the Response, Ms. Johnson attached 8 heavily redacted landowner lists submitted by ACP to FERC.

22. While the Response disclosed commercial and government entities' information, the Response noted that all private landowner information was redacted "pursuant to FOIA Exemption 6." Thus, all of the potentially responsive information was redacted in the Response.

23. The Response noted that the redacted lists were a reproduction of material that FERC had previously released in response to a request by another party.

24. Beyond FERC's reproduction of the previously released, redacted landowner lists, there was no indication in the Response that FERC had conducted any search for records responsive to the Request.

25. The Response did not acknowledge Niskanen's request for a fee waiver. No fee was charged for the Response.

---

[1] *Available at:* https://www.ferc.gov/resources/guides/filing-guide/foia-request.asp?csrt=2705116290423810781, last visited January 10, 2019.

4

26. On December 18, 2018, Niskanen filed a timely administrative appeal with FERC, based on the *de facto* denial of the Niskanen's FOIA Request, pursuant to 5 U.S.C. § 552 and 18 CFR 388.108.

27. In a phone conversation on January 9, 2019, FERC attorney Michael Watson stated to Niskanen's counsel that FERC's position is that FERC considers the Response a non-response, as it did not go through the correct bureaucratic channels within the agency. Consequently, by its own representation, it is FERC's position that FERC *never* responded to Niskanen's initial FOIA Request.

28. Niskanen has received no further correspondence from FERC in response to the Request.

29. Niskanen has exhausted all administrative remedies because FERC has failed to comply with the 20-business day time limit (5 U.S.C. § 552(a)(6)(A)(ii)) for ruling on Niskanen's administrative appeal.

30. In the alternative, if this Court finds FERC's representation that FERC never responded to the Request to be accurate,[2] FERC has failed to comply with the 20-business day time limit (5 U.S.C. § 552(a)(6)(A)(i)) for responding to FOIA Requests.

## COUNT I
### (Violation of the Freedom of Information Act: Failure to Respond)

31. Paragraphs 1 – 30 above are incorporated by reference as though fully set forth herein.

32. FERC's failure to promptly make available the records sought by the Request violates FOIA, § 552(a)(3)(A), and FERC's corresponding regulations.

33. FERC's failure to make an adequate search for records responsive to the

---

[2] *See supra* ¶ 27.

Request violates FOIA § 552(a)(3)(C), (D), and FERC's corresponding regulations.

34. FERC's failure to timely respond to Niskanen's administrative appeal within 20-business days after receipt of the appeal violates FOIA § 552(a)(6)(A)(ii), and FERC's corresponding regulations.

35. In the alternative, if this Court finds FERC's representation that FERC never responded to the Request to be accurate,[3] then FERC's failure to make a determination as to a FOIA request and the reasons for that determination within 20 business days after the receipt of the request violates FOIA § 552(a)(6)(A)(i) and FERC's corresponding regulations.

## COUNT II
### (Violation of the Freedom of Information Act: Wrongful Withholding of Agency Records)

36. Paragraphs 1-35 above are incorporated by reference as though fully set forth herein.

37. FERC wrongfully claimed and failed to meet the agency's burden to show that FOIA exemption 6 applied to the information requested in Niskanen's FOIA Request and appeal.

38. FERC has not provided sufficient evidence that information requested may be withheld under Exemption 6 of FOIA, which protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(6).

39. FERC improperly asserted Exemption 6, 5 U.S.C. § 522(b)(6), and FERC's failure to make promptly available all non-exempt documents responsive to Niskanen's Request violates 5 U.S.C. 5 U.S.C. § 522(a)(3)(A).

40. Niskanen is entitled to injunctive relief compelling the disclosure of the

---

[3] *See supra* ¶ 27.

requested information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Order Defendant FERC to produce all of the requested, unredacted documents within 10 days;

B. Enjoin Defendant FERC from charging Plaintiff search, review, or duplication fees for the processing of the Request;

C. Award Plaintiff its attorney fees and litigation expenses; and

D. Provide any such further relief as the Court deems just and proper.

DATED: January 18, 2019

Respectfully submitted,

Megan C. Gibson
DC Bar No. 1021191
David Bookbinder
DC Bar No. 455525
NISKANEN CENTER
820 First Street, NE
Suite 675
Washington, DC 20002
(202) 899-1172
mgibson@niskanencenter.org
dbookbinder@niskanencenter.org

*Counsel for Plaintiff*